**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JORGE AVINA SEGURA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    12-72525

Agency No. A087-089-879

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2016**
Portland, Oregon

Before:  McKEOWN, W. FLETCHER and FISHER, Circuit Judges.

Jorge Avina Segura ("Avina") petitions for review of the Board of

Immigration Appeals' (BIA) determination that he was convicted for delivery of

heroin in Oregon and the BIA's denial of his motion for a continuance to clarify

his Oregon criminal record.  Avina also challenges the BIA's determination that he

---

    *This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

waived his opportunity to apply for asylum relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. Substantial evidence supports the BIA's determination that Avina was convicted of delivery of heroin in Oregon. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003) (explaining we review the agency's factual findings for substantial evidence). Although Avina disputes he was the defendant in the case, an order dismissing certain counts from the indictment lists "Jorge Avina-Segura AKA Pedro Gerra-Galindo" as the defendant; Avina indicated that he used the name Pedro Gerra-Galindo; and Avina's FBI rap sheet listed this conviction and identified Pedro Gerra-Galindo as Avina.

2. The immigration judge (IJ) did not abuse his discretion by denying Avina's motion for a continuance to clarify his Oregon criminal record. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (holding denial of a motion for continuance is reviewed for abuse of discretion). Avina did not show good cause. *See* 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a motion for continuance for good cause shown."). The motion, filed 15 days before the merits hearing, failed to include any evidence or explanation for his need for a continuance despite having 14 months to prepare his case. *See Ahmed v. Holder*,

2

569 F.3d 1009, 1012 (9th Cir. 2009) (holding "reasonableness of the immigrant's conduct" is relevant to abuse of discretion determination).

3. The IJ did not abuse his discretion by determining Avina waived his opportunity to file an application for asylum relief. Under 8 C.F.R. § 1003.31(c), an IJ may set a filing deadline and deem waived any application not filed before that deadline. The IJ set a reasonable filing deadline of two weeks before the merits hearing. Avina did not demonstrate good cause for his failure to meet this deadline. That circumstances in Mexico may have changed since Avina lived there did not excuse his untimeliness. He was aware of the changed circumstances at least four months before he attempted to submit his application for relief.

**PETITION DENIED.**

\* \* \*

Avina's motion to present oral argument telephonically (Dkt. 35), filed October 7, 2016, is **DENIED AS MOOT** in light of the panel's submission decision (Dkt. 36), filed October 24, 2016.

3